IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00411-PAB-BNB

JAMES SCOTT DALY,

Plaintiff,

v.

R. WILEY, Warden,
BAUER, Captain, Health Services Administrator, and
S. NAFZIGER, M.D., Clinical Director,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on **Defendants Nafziger, Bauer, and Wiley's Motion to Dismiss** [Doc. #23, filed 6/6/08] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on

> the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, I may treat the motion as a Rule 56 summary judgment motion when matters outside the pleadings are presented to and not excluded by me, and all parties have been given a reasonable opportunity to respond as provided in Rule 56. Fed. R. Civ. P. 12(d).

Here, the defendants have submitted exhibits with their Motion, and the plaintiff submitted a Declaration with his response to the Motion. Because I do not refer to the attachments in my analysis of the defendants' Rule 12(b)(6) arguments, I do not convert the motion into one for summary judgment. Fed. R. Civ. P. 12(d).

## II. BACKGROUND

The plaintiff is currently incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Prison, Administrative Maximum in Florence, Colorado ("ADX"). He filed his Prisoner Complaint on February 28, 2008 [Doc. #3] (the "Complaint"). The Complaint contains the following allegations:

1. On or about October 14, 2006, the plaintiff submitted a request to be seen by medical staff for a rash on his face, neck, and head. *Complaint*, p. 5, ¶ 1. He was examined in his cell by Physician's Assistant A. Osagie on October 16, 2002. Osagie prescribed medication to clear up the rash and alleviate the irritation and itching caused by the rash. Id. at ¶ 2.

2. On or about November 15, 2006, the plaintiff submitted another request to be seen by medical staff because the rash was spreading. Id. at ¶ 3. The plaintiff was examined in his cell by Nurse Practitioner N. Gladbach on November 17, 2006. Id. at ¶ 4. He was again prescribed medication to clear up the rash and alleviate the irritation and itching. Id.

3

3. On January 29, 2007, following another request by the plaintiff, he was seen by Osagie and prescribed the same medications which had failed to clear up the rash. Id. at ¶ 5.

4. On February 25, 2007, a "mid-level provider" requested that the plaintiff be examined by a dermatologist. Id. at ¶ 6. The Utilization Review Committee met on March 2, 2007, and the request was approved. Id. The plaintiff's name was placed on a list to be seen by a dermatologist, and he was told that when the prison had enough inmates on the list, a dermatologist would come to the prison. Id.

5. Over the last year, the plaintiff has continued to complain about the rash, and he has repeatedly requested to be seen by a doctor and/or dermatologist. Id. at ¶ 7. In response, the plaintiff was informed that he would be seen by a dermatologist when one is available. Id.

6. On December 5, 2007, the plaintiff complained of an unrelated "rash/blister like condition" on his leg. Id. at ¶ 8. On December 21, 2007, a biopsy was performed on the leg rash. Id. at ¶ 9. As of the date the plaintiff filed his Complaint, he had not been able to discover the results of the biopsy, and he had not been seen by a dermatologist. Id. at ¶¶ 9-10. He has suffered for over a year with skin irritation, pain, and prolonged itching. Id. at ¶ 10.

7. On August 28, 2006, the plaintiff submitted a request to be seen by a dentist for a filling that had fallen out over a year earlier. Id. at p. 6, ¶ 1. On August 29, 2006, the plaintiff was informed that his name was being placed on a waiting list. Id. He was further informed that the prison did not have a dentist and that the wait for dental care could be a while. Id.

8. On November 25, 2006, the plaintiff again complained about his need for dental care, and that another tooth was "giving him problems." Id. at ¶ 3. On November 27, 2006, the

plaintiff was informed that the prison did not have a dentist; there were many inmates in pain and in need of dental care; and that he would be seen when a dentist was available. Id. at ¶ 4.

9. Over the next few months, the plaintiff continued to complain that he was in pain and in need of dental care. Id. at ¶ 5.

10. The plaintiff was seen by a dentist on April 24, 2007. Id. The dentist filled two cavities. Id.

11. On April 28 and 29, 2007, the plaintiff complained of being in excruciating pain and requested to be seen by a dentist immediately and/or to receive immediate pain relief. Id. at ¶ 6. On May 2, 2007, the plaintiff was seen by a dentist. Id. at ¶ 7. He was informed that he had a severely abscessed tooth. Id. The dentist immediately performed a root canal on the tooth. Id.

12. The plaintiff suffered prolonged, extreme, and unnecessary dental pain. Id. at ¶ 8.

13. Defendants Wiley, Bauer, and Nafziger are responsible for ensuring that ADX has adequate staff to meet the medical needs of the inmates. Id. at p. 4. Defendants Wiley and Bauer are responsible for ensuring that ADX has adequate staff to meet the dental needs of the inmates. Id. at p. 6.

The Complaint asserts three claims for relief pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Claim One alleges that the defendants violated the plaintiff's Eighth Amendment right to be free from cruel and unusual punishment because they do not provide adequate prison staff to meet the medical needs of the inmates. Id. at p. 4. Claim Two alleges that the defendants' delay in treating his rash violated the Eighth Amendment. Id. at p. 5. Claim Three alleges that the defendants' delay in providing dental care

violated the Eighth Amendment.  Id. at p. 6.  The plaintiff seeks declaratory, injunctive, and monetary relief.  Id. at p. 8.

### III.  ANALYSIS

#### A.  Subject Matter Jurisdiction

##### 1.  Official Capacity Claims

The Complaint states that the defendants are sued in their individual and official capacities.  Id. at p. 2.  The defendants argue that the claims against them in their official capacities must be dismissed for lack of subject matter jurisdiction because they are barred by sovereign immunity.  *Motion*, pp. 6-7.  The defendants assert a facial attack on the Complaint.  Therefore, I must accept the allegations in the Amended Complaint as true.  Holt, 46 F.3d at 1003.

It is a well-established principle that "[a]s a sovereign, the United States 'is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.'"  Lee v. United States, 980 F.2d 1337, 1340 (10th Cir. 1992) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  "Sovereign immunity protects the United States against judgments that would require an expenditure from public funds, that interfere with public administration or that would restrain the Government from acting, or to compel it to act." (quotations and citations omitted).  Hensel v. Office of the Chief Administrative Hearing Officer, 38 F.3d 505, 509 (10th Cir. 1994).  Sovereign immunity is a jurisdictional bar to suit.  Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994).

Suits against officers in their official capacities are suits against the entity of which an officer is an agent.  Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).  The defendants are

6

agents of the BOP. Therefore, suits against them in their official capacities are suits against the BOP. The BOP is a federal agency.

The Complaint asserts three claims for constitutional violations pursuant to Bivens. Bivens does not waive the sovereign immunity of federal agencies. Meyer, 510 U.S. at 484-86; Bivens, 403 U.S. at 410. I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of the claims against the defendants in their official capacities for lack of subject matter jurisdiction.

## 2. Mootness

The defendants assert that Claims Two and Three must be dismissed because they are moot. Mootness is described by the Tenth Circuit as follows:

> Article III mootness is the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness). A federal court has no power to give opinions upon moot questions or declare principles of law which cannot affect the matter in issue in the case before it. Thus, to be cognizable, a suit must be a real and specific controversy admitting of specific relief through a decree of a conclusive character. *If an event occurs while a case is pending that heals the injury and only prospective relief has been sought, the case must be dismissed*.

Southern Utah Wilderness Alliance v. Smith, 110 F.3d 724, 727 (10thCir. 1997) (emphasis added) (internal citations omitted).

The defendants are asserting a factual challenge to the Court's jurisdiction over Claims Two and Three. See Utah Animal Rights Coalition v. Salt Lake City Corp., 371 F.3d 1248, 1255 (10th Cir. 2004) (stating that mootness and standing are jurisdictional limitations). Therefore, I

7

do not presume the truthfulness of the complaint's factual allegations, and I have wide discretion to consider evidence to resolve disputed jurisdictional facts. Holt, 46 F.3d at 1003.

The defendants assert that because the plaintiff has received a dermatological evaluation and dental care, his claims are moot. *Motion*, pp. 4-6. However, the plaintiff is seeking nominal, punitive, and compensatory damages for the alleged Eighth Amendment violations. Therefore, under Southern Utah Wilderness Alliance, Claims Two and Three are not rendered moot by the fact that he has received the medical and dental care that is the subject of the Complaint.

I respectfully RECOMMEND that the Motion be DENIED to the extent it seeks dismissal of Claims Two and Three as moot.

### B. Individual Capacity Claims

#### 1. Qualified Immunity

The defendants assert that they are entitled to qualified immunity. *Motion*, pp. 7-13. Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 640 (1987) (citations omitted).

8

When analyzing the issue of qualified immunity, the court must first determine whether the plaintiff has sufficiently alleged the violation of a statutory or constitutional right. Only if the plaintiff has asserted such a violation does the court inquire whether the right was clearly established at the time of the violation. Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999). Accordingly, I now look to the Complaint's allegations to determine if the plaintiff has sufficiently alleged a violation of his constitutional rights.

### a. Claim One: Staffing

Claim One alleges that the defendants violated the plaintiff's Eighth Amendment rights because they did not ensure that the prison had adequate staff to meet the medical needs of its prisoners. To the extent the plaintiff is asserting a claim on behalf of other prisoners, the plaintiff does not have standing to assert such claims. Swoboda v. Dubach, 992 F.2d 286, 289-90 (10th Cir. 1993).

Insofar as the plaintiff is asserting a violation of the Eighth Amendment on his own behalf, the Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quotations and citations omitted). The Eighth Amendment does not govern the staffing of prison facilities. The plaintiff's allegations regarding lack of staffing may provide factual support for his other two claims, but it does not state a claim for relief in and of itself.

I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of Claim One.

### b. Claim Two: Skin Irritation

Claim Two alleges that the defendants' "inadequate and unreasonable lengthy delays in providing medical care violate plaintiff's Eighth Amendment rights" because he "has been made to suffer for over a year with skin irritation, pain and prolong[ed] itching." *Complaint*, p. 5.

A prison official's deliberate indifference to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." Id. at 104-05. To establish a claim for deliberate indifference, a plaintiff must prove both an objective component and a subjective component.

The objective component is met if the inmate's medical need is sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)). The subjective component to a deliberate indifference claim is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

To survive a motion to dismiss, a plaintiff must allege (1) a sufficiently serious medical need and (2) a sufficiently culpable state of mind. Riddle v. Mondragon, 83 F.3d 1197, 1205-06 (10th cir. 1996). Conclusory allegations, without supporting factual averments, are insufficient to state a claim for failure to protect in violation of the Eighth Amendment. Id. at 1205.

The plaintiff has not set forth any factual statements concerning the skin rash sufficient to state a plausible claim regarding the subjective component of deliberate indifference. To the contrary, he alleges that each time he submitted a request to be seen for his skin conditions, he was examined and treated by medical personnel within days of his request.

Moreover, a "delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." Oxendine v. R.G. Kaplan, M.D., 241 F.3d 1272, 1276 (10th Cir. 2001) (internal quotations and citation omitted). "That 'substantial harm' can be the ultimate physical injury caused by the prisoner's illness, so long as the prisoner can show that the more timely receipt of medical treatment would have minimized or prevented the harm." Kikumura v. Osagie, 461 F.3d 1269, 1292 (10th Cir. 2006) (internal quotations and citations omitted). "Delays that courts have found to violate the Eighth Amendment have frequently involved life-threatening situations and instances in which it is apparent that delay would exacerbate the prisoner's medical problems." Hunt, 199 F.3d at 1224. "Officials may also be held liable when the delay results in a lifelong handicap or a permanent loss." Id. "A difference of opinion as to the kind and timing of medical treatment does not rise to the level of an Eighth Amendment violation." Tyler v. Sullivan, 83 F.3d 433, 1996 WL 195295, at *2 (10th Cir. 1996).

The plaintiff alleges that he was approved to be examined by a dermatologist; almost a year passed without receiving an appointment; and the delay in receiving the appointment has caused him to "suffer for over a year with skin irritation, pain and prolong[ed] itching." In his response to the defendants' Motion, he states that he has been seen by a dermatologist, but "his skin ailment shows absolutely no sign of improving." *Brief in Opposition to Defendants' Motion to Dismiss* [Doc. #26] (the "Response"), p. 4. It follows that his continued skin irritation, pain, and prolonged itching are not due to the delay in his medical care since they have persisted despite receiving the dermatological examination. Therefore, the plaintiff has not alleged facts to show that a more timely receipt of a dermatological evaluation would have minimized or prevented the harm as required under Kikumura. To the contrary, he admits that receipt of the medical care he seeks had no effect on his symptoms. Therefore, the plaintiff has failed to state a plausible claim that the delay in seeing a dermatologist violated the Eighth Amendment.

Because the plaintiff's allegations do not state a claim for violation of the Eighth Amendment, I need not address whether the alleged constitutional right was clearly established for purposes of qualified immunity.

I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of Claim Two.

### c. Claim Three: Dental Pain

Claim Three alleges that the defendants' "lengthy delay in providing adequate and reasonable dental care violated plaintiff's Eighth Amendment rights" because he "suffered prolong[ed], extreme and unnecessary [dental] pain." *Complaint*, p. 6. The defendants argue

12

that the plaintiff failed to allege that they had a culpable state of mind sufficient to state a claim for deliberate indifference.[1] *Motion*, p. 10.

The plaintiff alleges that defendants Wiley and Bauer are responsible for ensuring that ADX has adequate dental staff available to provide the inmates with dental care but that there was no regular dentist at ADX for a year or more. *Complaint*, p. 6. He further alleges that he submitted requests to be seen by a dentist on August 28, 2006; November 25, 2006; and for months thereafter. He was repeatedly told that ADX did not have a dentist and that he would have to wait until a dentist was available before he could be seen. The plaintiff alleges that he was seen by a dentist on April 24, 2007. The dentist filled two cavities on that date. On April 28 and 29, 2007, the plaintiff complained of being in excruciating dental pain and requested to see a dentist immediately. He was seen by the dentist on May 2, 2007, and was diagnosed with a severely abscessed tooth. The dentist immediately performed a root canal on the tooth.

Construing the Complaint liberally, as I must, I find that the plaintiff has alleged that defendants Wiley and Bauer were deliberately indifferent to the plaintiff's dental needs because they are responsible for providing dental staff at ADX; they did not have a dentist available at ADX for over a year; the unavailability of a dentist resulted in an eight month delay in receiving dental treatment; and that the delay resulted in an abscessed tooth which necessitated a root canal.

The government has a constitutional obligation to provide inmates with "a level of medical care which is reasonably designed to meet the routine and emergency health care needs

---

[1] The defendants do not argue that the plaintiff's dental condition was not sufficiently serious to meet the objective component of deliberate indifference; they argue only that his rash was not a serious medical condition.

13

of inmates." Ramos v. Lamm, 639 F.2d 559, 574 (10th Cir. 1980). This obligation includes the provision of dental care. Id. "Prisoners generally have more extensive dental problems than the average citizen. Consequently dental care is one of the most important medical needs of inmates." Id. at 576. Deliberate indifference to a serious medical need may be shown by proving "systemic and gross deficiencies in staffing" which result in the actual denial of adequate dental care. Id. at 575.

Under Ramos, the plaintiff has alleged sufficient facts to state a plausible claim that Wiley and Bauer were deliberately indifferent to his dental needs in violation of the Eighth Amendment. Ramos was decided in 1980. Therefore, for purposes of qualified immunity the plaintiff's constitutional right to adequate dental care was clearly established during the eight months he was unable to see a dentist.

The defendants also argue that Claim Three must be dismissed because the plaintiff has failed to allege personal participation of the defendants.[2] *Motion*, p. 13. An individual cannot be held liable in a section 1983 action unless he caused or participated in an alleged constitutional violation. McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983). Respondeat superior is not within the purview of section 1983 liability. Id. In order for a supervisor to be liable under section 1983, there must exist a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Butler v. City of Norman, 992 F.2d 1053, 1055 (10thCir. 1993); see also Rizzo v. Goode, 423 U.S. 362, 371 (1976). Without a showing of

---

[2]The defendants allege all claims must be dismissed for failure to allege personal participation. Because I find that Claims One and Two fail to state a constitutional violation, I do not reach this argument as to Claims One and Two. I address it only as to Claim Three.

direct responsibility for the alleged violations, liability will not be imposed on a supervisory official. Id.

As discussed above, the plaintiff has alleged a causal connection between Wiley and Bauer's exercise of control or direction and the lack of dental care. However, he has not alleged that defendant Nafziger had anything to do with dental care at ADX.

Accordingly, I respectfully RECOMMEND that the Motion be DENIED to the extent it seeks dismissal of Claim Three as to defendants Wiley and Bauer, and that it be GRANTED insofar as it seeks dismissal of Claim Three as to defendant Nafziger.

### 2. Exhaustion of Administrative Remedies

The defendants argue that the Complaint must be dismissed under Rule 12(b)(6) because the plaintiff has failed to exhaust his administrative remedies. *Motion*, pp. 13-14. The defendants rely on evidence to support this argument. I cannot consider evidence when addressing exhaustion in a motion to dismiss. I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks dismissal of the Complaint for failure to exhaust administrative remedies.

### 3. Injunctive Relief

The plaintiff seeks an order directing the defendants to staff ADX with a dentist who can provide timely and adequate dental care. Citing Facio v. Jones, 929 F.2d 541, 544 (10th Cir. 1991), the defendants assert that "courts will ordinarily not allow a plaintiff to seek injunctive relief in an action seeking redress for constitutional violations." *Motion*, pp. 14-15. In Facio, the circuit court discussed "cases which have held that while a plaintiff who has been constitutionally injured can bring a § 1983 action to recover damages, that same plaintiff cannot

15

maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future." 929 F.2d at 544.

Here, the plaintiff alleges that defendants Wiley and Bauer are responsible for ensuring that ADX has adequate dental staff available to provide the inmates with dental care; ADX does not have a dentist on staff; the plaintiff has significant dental issues; and he will only be seen for dental problems when and if a dentist is available.[3] These allegations are sufficient to support a plausible claim for injunctive relief. I respectfully RECOMMEND that the defendants' argument be DENIED.

## IV. CONCLUSION

For all of these reasons, I respectfully RECOMMEND that Defendants Nafziger, Bauer, and Wiley's Motion to Dismiss be GRANTED IN PART and DENIED IN PART as follows:

1. GRANTED insofar as it seeks dismissal of the claims against the defendants in their official capacities for lack of subject matter jurisdiction;

2. GRANTED insofar as it seeks dismissal of Claims One and Two;

3. GRANTED insofar as it seeks dismissal of Claim Three as to defendant Nafziger; and

4. DENIED to the extent it seeks dismissal of Claim Three as to defendants Wiley and Bauer.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo*

---

[3]I also note that, in his response to defendants' Motion, the plaintiff asserts that all of the dental work he received "has since fallen out" and he has been waiting several months to again be seen by a dentist. *Response*, pp. 5, 13.

16

review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 5, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge