IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00411-PAB-BNB

JAMES SCOTT DALY,

    Plaintiff,

v.

R. WILEY, Warden,
BAUER, Captain, Health Services Administrator, and
S. NAFZIGER, M.D., Clinical Director,

    Defendants.

_____

**ORDER**
_____

This matter comes before the Court on defendants Nafziger, Bauer, and Wiley's Motion to Dismiss [Docket No. 23] and on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 30], filed by United States Magistrate Judge Boyd N. Boland. Plaintiff James Scott Daly has filed Objections [Docket No. 37], to which defendants Wiley, Bauer, and Nafziger have responded [Docket No. 40]. Defendants have also filed Objections [Docket No. 36], to which plaintiff has responded [Docket No. 38].

Where a party timely files objections to a magistrate judge's recommended adjudication of a dispositive motion, the Court reviews the objected-to portion of the recommendation *de novo*. Fed. R. Civ. P. 72(b). As plaintiff is proceeding *pro se*, I liberally construe his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court may not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Plaintiff, an inmate at the United States Prison, Administrative Maximum ("ADX") in Florence, Colorado, contends that he was denied timely and sufficient medical and dental care while incarcerated. Pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), Plaintiff asserts three Eighth Amendment claims – inadequate staffing, unreasonable delay in providing medical care, and unreasonable delay in providing dental care – against defendants in their individual and official capacities. Defendants moved to dismiss the complaint for lack of jurisdiction and for failure to state a claim. The magistrate judge recommended dismissing plaintiff's first and second claims (inadequate staffing and unreasonable delay in medical care), but permitting plaintiff's third claim (unreasonable delay in dental care) to proceed against defendants Wiley and Bauer. The magistrate judge specifically recommended permitting plaintiff to seek money damages and injunctive relief on this dental care claim.

No objections have been made to the portion of the Recommendation recommending: (a) the dismissal of plaintiff's official capacity claims,[1] (b) the denial of

---

[1] I construe this portion of the Recommendation to recommend dismissal of plaintiff's official capacity claims for money damages only. *See D'Addabbo v. United States*, 316 F. App'x 722, 726 (10th Cir. Dec. 2, 2008) ("[A] claimant cannot bring a suit against a federal officer in his official capacity seeking money damages for a constitutional violation."). Of course, official capacity claims seeking an injunction are permitted, as the magistrate judge recognized in later recommending that plaintiff's claim for injunctive relief be allowed to proceed. *See Arocho v. Nafziger*, No. 09-1095, 2010 WL 681679, *4 (10th Cir. March 1, 2010) ("If equitable relief rather than damages is sought from a federal official, it must be obtained against him in his official capacity through a claim in the nature of injunction or mandamus.").

defendants' mootness argument as to plaintiff's damages claims, and (c) the denial of defendants' exhaustion of administrative remedies argument. In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, I have reviewed these portions of the Recommendation to satisfy myself that there is "no clear error on the face of the record."[2] *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, I have concluded that there is no clear error and adopt the recommendations and findings regarding such arguments. I turn now to the objected-to portions of the Recommendation.

## I. PLAINTIFF'S OBJECTIONS

Plaintiff objects to the magistrate judge's recommendation that his first two claims be dismissed. As to his inadequate staffing claim, the magistrate judge found that, while allegations of lack of medical staff could support plaintiff's other Eighth Amendment claims, those allegations did not, standing alone, state a claim for relief. I agree with this recommendation. It is not the failure to have a doctor at a prison that violates the Eight Amendment; it is when that failure leads to "'deliberate indifference to serious medical needs.'" *Martinez v. Beggs*, 563 F.3d 1082, 1088 (quoting *Estate of*

---

[2] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review. Fed. R. Civ. P. 72(b).

*Hocker v. Walsh*, 22 F.3d 995, 998 (10th Cir. 1994)). I concur with the magistrate judge that, under the circumstances of this case, mere lack of staff is not a constitutionally cognizable claim.

As to plaintiff's claim for unreasonable delay in medical care, which centers on plaintiff's allegations that he was not sufficiently treated for a serious rash, the magistrate judge recommended dismissal because, *inter alia*, plaintiff had not alleged that defendants were subjectively indifferent to his medical needs. *See Martinez*, 563 F.3d at 1088-89 ("The test for deliberate indifference is both objective and subjective. . . . 'To prevail on the subjective component, the prisoner must show that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it.'" (quoting *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006))). Again, I agree with the magistrate judge. Plaintiff's complaint alleges that each time he complained about his rash, he was examined and treated within a few days. In his objections, plaintiff seems to take issue with the level of care and treatment he was receiving. However, "a mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *see also id.* ("[A]ccidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition do not constitute a medical wrong under the Eighth Amendment."). This claim must also be dismissed.

## II. DEFENDANTS' OBJECTIONS

Defendants object to the magistrate judge's recommendation that plaintiff's third claim, for unreasonable delay in dental care, be permitted to proceed against defendants Wiley and Bauer. First, defendants argue that plaintiff has not alleged what, if any, harm the delay caused him. I disagree. As the magistrate judge noted, plaintiff alleged that he had been complaining of tooth pain for months[3] and that he was eventually diagnosed with a "sever[e] abscessed tooth." Compl. at 6. Construing the pleadings liberally and drawing inferences in plaintiff's favor, I find that the complaint has alleged serious medical harm arising from the delay.

Defendants also argue that Mr. Wiley, the prison warden, is not part of the prison's heath services organization and thus was not personally involved in any unconstitutional action. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). But plaintiff's complaint expressly alleges, as part of this Eighth Amendment claim, that Mr. Wiley's failure to properly staff the prison for dental needs constituted deliberate indifference and contributed directly to plaintiff's injury. Compl. at 6. More specifically, plaintiff alleges that Mr. Wiley is responsible for ensuring that the prison has adequate medical and dental staff, that there was no dentist working at ADX

---

[3] Defendants claim that plaintiff did not complain about pain in the abscessed tooth until shortly before treatment, but this misreads the complaint. While plaintiff's initial request for dental treatment involved replacing a filling, plaintiff alleges that in November 2006, several months before his eventual treatment, he began complaining that "an additional tooth was giving him problems as well." Compl. [Docket No. 3] at 6.

for several months, and that, because of this understaffing, there was no way to ensure appropriate dental care for the inmates. Compl. at 4, 6. These allegations do more than attempt to impose vicarious liability on a supervisory official for the acts of his subordinates; they assert Mr. Wiley's involvement in the critical staffing decisions that are the foundation of plaintiff's constitutional claim. *See* Pl.'s Opp. to Mot. to Dismiss [Docket No. 26] at 14 ("[P]laintiff was made to suffer with an abscessed tooth because the institution just had no licensed dentist at all to treat him."). Liberally construing plaintiff's complaint, these allegations are sufficient to demonstrate direct participation. Whether plaintiff can adduce the necessary evidentiary support for this claimed involvement is not for the Court to decide at this time.

Defendants further argue that Mr. Bauer is immune under the Public Health Service Act, 42 U.S.C. § 233(a). This issue was neither presented in the motion to dismiss nor addressed by the magistrate judge and thus I will not consider it now. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Finally, defendants contend that plaintiff should not be allowed to pursue injunctive relief, as he does not allege a current dental need. However, as the magistrate judge noted, plaintiff claims that all of the dental work he received "has since fallen out" and that he has again been required to wait several months before being treated. This is sufficient to show an ongoing problem for which injunctive relief might be appropriate.

In sum, I agree with the magistrate judge's recommendation that plaintiff's claim for unreasonable delay in dental treatment as against defendants Wiley and Bauer adequately states a claim.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 30] is ACCEPTED. It is further

**ORDERED** that defendants' Motion to Dismiss [Docket No. 23] is GRANTED in part and DENIED in part, as discussed herein. Plaintiff's first (inadequate staffing) and second (unreasonable delay in medical care) claims for relief are dismissed. However, plaintiff's third claim for relief (unreasonable delay in dental care) is permitted to proceed at this point.

DATED March 10, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge