IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00411-PAB-BNB

JAMES SCOTT DALY,

    Plaintiff,

v.

R. WILEY, Warden, and
BAUER, Captain, Health Services Administrator,

    Defendants.

_____

**ORDER**
_____

This matter comes before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 84], filed by United States Magistrate Judge Boyd N. Boland on September 23, 2010. Magistrate Judge Boland recommends that the Court deny the motion for summary judgment filed by plaintiff [Docket No. 60] and grant defendants' motion for summary judgment [Docket No. 55]. Plaintiff James Scott Daly has filed Objections [Docket No. 88], to which defendants Bauer and Wiley have responded [Docket No. 89]. Defendants have also filed Objections [Docket No. 85], to which plaintiff has not responded.

Where a party timely files objections to a magistrate judge's recommended adjudication of a dispositive motion, the Court reviews the objected-to portion of the recommendation *de novo*. Fed. R. Civ. P. 72(b). As plaintiff is proceeding *pro se*, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court may not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110.

Plaintiff, an inmate at the United States Prison, Administrative Maximum ("ADX") in Florence, Colorado, contends that he was denied timely and sufficient dental care while incarcerated. After the Court granted in part and dismissed in part defendants' motion to dismiss [Docket No. 23], only plaintiff's Eighth Amendment claim based on unreasonable delay in providing dental care remains. Docket No. 83 at 7.

No objections have been made to the portion of the Recommendation recommending the dismissal of the remaining claim as to defendant Bauer. In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); see also *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed these portions of the Recommendation to ensure that there is "no clear error on the face of the record."[1] See Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court concludes that there is no clear error and adopts the recommendation and findings regarding defendant Bauer. The Court turns now to the objected-to portions of the Recommendation.

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review. Fed. R. Civ. P. 72(b).

I.  **PLAINTIFF'S OBJECTIONS**

Plaintiff objects to the magistrate judge's recommendation that summary judgment be granted on his remaining claim as to defendant Wiley.  The magistrate judge found that Wiley is entitled to qualified immunity because plaintiff cannot establish that Wiley was deliberately indifferent to his dental pain.  The Court agrees with this recommendation.  As the magistrate judge explained, to establish an Eighth Amendment claim for deliberate indifference the plaintiff must show both that he suffered a "sufficiently serious" harm (the objective element of a deliberate indifference claim) and that the prison official knew of and disregarded "an excessive risk" to the inmate's health (the subjective element).  *See Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005); *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).

The Court agrees with the magistrate judge that Mr. Daly cannot meet the deliberate indifference test.  First, he cannot show an objectively serious harm.  To meet the objective element of a deliberate indifference claim, plaintiff must present evidence that the harm he suffered as a result of defendant's deliberate indifference was "objectively, sufficiently serious." *Farmer*, 511 U.S. at 834.  "[T]he purpose for this requirement is to limit claims to significant, as opposed to trivial, suffering." *Mata*, 427 F.3d at 753.  This element "may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Id.* at 751 (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).  Plaintiff's evidence does not create a genuine issue of fact as to serious harm.  His initial requests for dental care do not report that he was suffering serious or constant pain.  *See* Docket No. 60 at 21 (stating that a tooth was "starting to bother"

him); 23 (stating that his teeth "are sensitive (they hurt!) when I brush and/or floss them"); 25 (reporting that the denial of dental care has caused "pain and discomfort" "off and on"); 31 (reporting that he had another filling fall out but not mentioning any pain). In April 2007, plaintiff did report considerable pain. *See* Docket No. 60 at 32 (reporting on April 28, 2007 that "for the last couple days the pain has become an excruciatingly bad throbbing pain" and requesting immediate treatment); 33 (reporting excruciating pain on April 29, 2007). However, after making these reports, he was seen by a dentist within a few days. Plaintiff presents neither evidence of considerable pain nor evidence that earlier dental treatment would have prevented any permanent loss. *See Murray v. Edwards County Sheriff's Dept.*, 248 F. App'x 993, 1001 (10th Cir. 2007). Therefore, he cannot meet the objective element of his deliberate indifference claim.

Nor has plaintiff introduced sufficient evidence to create a jury issue on the subjective element of his claim. To meet the subjective element of a deliberate indifference claim, plaintiff must show that the defendant had a "culpable state of mind" and knew of and disregarded "an excessive risk to inmate health or safety." *Mata*, 427 F.3d at 751 (quoting *Farmer*, 511 U.S. at 837). Plaintiff has presented no evidence that defendant Wiley, as the warden of the institution, was aware of any serious risk to his health or was involved in the hiring of dentists at ADX. Wiley's uncontradicted affidavit states that Human Resources, in coordination with the Central Office, is responsible for hiring dentists at the institution and that he was not directly involved. *See* Docket No. 55-4 at 2-3. Although defendant Wiley may have been at the top of the chain of command and supervised the Human Resources employees charged with hiring

dentists at ADX, Wiley cannot be liable under a supervisory liability theory; rather, plaintiff must show he had the requisite culpable state of mind. *See Dodds v. Richardson*, 614 F.3d 1185, 1199-1200 (10th Cir. 2010) (analyzing *respondeat superior* liability in *Bivens* and § 1983 actions after *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), and concluding that plaintiffs must still prove defendant supervisors "took some act with the constitutionally applicable state of mind that caused the alleged constitutional violation"). Plaintiff's evidence is insufficient to allow a reasonable jury to conclude that Wiley knew of and deliberately disregarded a serious risk to his health. Although "systemic and gross deficiencies in staffing" can result in constitutionally inadequate medical care, *see Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980), plaintiff's evidence in no way ties defendant Wiley to any inadequacy in the staffing of dentists at ADX. Therefore, plaintiff cannot meet the subjective element of his claim.

## II. DEFENDANTS' OBJECTIONS

Defendants urge the Court to adopt the Recommendation, but nonetheless filed an objection in order only to preserve their argument that summary judgment for defendants is also warranted on additional grounds, namely "the qualified immunity advanced by each defendant." Docket No. 85 at 2.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 84] is ACCEPTED. It is further

**ORDERED** that plaintiff's Motion for Summary Judgment [Docket No. 60] be DENIED. It is further

**ORDERED** that defendants Bauer and Wiley's Motion for Summary Judgment [Docket No. 55] be GRANTED and that judgment enter in favor of the defendants on the remaining claim (Claim Three).

DATED March 30, 2011.

                                    BY THE COURT:

                                    s/Philip A. Brimmer
                                    PHILIP A. BRIMMER
                                    United States District Judge